IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF NECHES-GULF MARINE, INC. AS | § | |
| OWNER AND OPERATOR OF THE M/V | § | Civil Action No. 1:10-cv-604 |
| SAN JACINTO, OFFICIAL NO. 597434, | § | |
| FOR EXONERATION FROM OR | § | Judge Ron Clark |
| LIMITATION OF LIABILITY | § | |

**TRAVIS SHEPPARD'S OPPOSED MOTION TO LIFT STAY**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Claimant, Travis Sheppard, and respectfully asks the Court to lift the restraining order issued in this limitation proceeding (Document No. 4, p. 2, ¶ 3) so he may proceed with his state-court Jones Act lawsuit. The Court should lift the stay because:

> Federal statutes and general maritime law protect Mr. Sheppard's right to have his Jones Act claims tried in state court before a jury.[1]
>
> Mr. Sheppard has proffered a stipulation sufficient to protect the rights of the Petitioner, Neches-Gulf Marine, Inc., ("Neches-Gulf") and any corresponding rights of Top Coat.[2]

## I. SUMMARY

On June, 9, 2010, before Petitioner filed this Limitation action, Mr. Sheppard filed his Jones Act suit against Petitioner and Top-Coat in the Jefferson County 59th District Court. When filing and requesting a jury trial in state court, Mr. Sheppard exercised an ancient right afforded by the Judiciary Act of 1789 that provides maritime suitors their choice of remedies.[3] Neches-Gulf, as the owner of SAN JACINTO, has exercised another unique maritime right by

---

[1] "This Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioners against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455, (2001); 28 U.S.C.A. § 1333(1) (West) (referred to as the "saving to suitors" clause), deriving its history from Section 9, Judiciary Act of 1789; *See also Garrett v. Moore-McCormack Co*., 317 U.S. 239 (1942), *construing* 46 U.S.C. 688 [Jones Act], currently 46 U.S.C. § 30104; *See also Iwag v. Geisel Compania Maritima*, 882 F. Supp. 597 (S.D. Tex. 1995).

[2] Exhibit A, Travis Sheppard's Amended Stipulations.

[3] Section 9, Judiciary Act of 1789.

petitioning for limitation of liability in federal court.[4] The clash of rights between the suitor and petitioner is not new.[5]

The admiralty courts have adopted a process to harmonize these rights so that a suitor like Mr. Sheppard may proceed with his Jones Act suit, while the Petitioner maintains an opportunity litigate questions relating to the limit of its liability in the federal court.[6] This harmony is traditionally accomplished through a claimant's stipulations that protect Petitioner's rights to limitation of liability.[7] For these purposes, Mr. Sheppard attaches and incorporates Exhibit A, his Amended Stipulation.

Shortly following Neches-Gulf's Petition for Limitation of Liability, Mr. Sheppard filed a claim relating to the same events and injuries as his state court Jones Act lawsuit (his "saved remedy"). Top Coat is the only other claimant, and its claims are derivative of Mr. Sheppard's claims.[8]

Controlling maritime jurisprudence provides that this case should be treated as a single-claimant limitation proceeding, because Mr. Sheppard has stipulated to subordinate his claims to the claims of Top-Coat.[9]

Mr. Sheppard's stipulations account for all interests in this proceeding. In summary, his stipulations provide:

> That this Court has exclusive jurisdiction of matters relating to Petitioner's entitlement to limitation.[10]
>
> That he will not pursue a judgment or ruling on matters relating to Petitioner's entitlement to limitation.[11]

---

[4] Limitation of Liability Act of 1851; currently, 46 U.S.C. 30505, formerly 46 U.S.C. 183.
[5] See *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2000), citing *Langnes v. Green*, 282 U.S. 531 (1931).
[6] *In re Tetra Applied Technologies LP*, 362 F.3d 338, 341 (5th Cir. 2004).
[7] *Tetra*, 362 F.3d at 343, See also *Lewis*, 531 U.S. at 453-54.
[8] See Exhibit C & D.
[9] *Tetra*, 362 F.3d 338 (5th Cir. 2004); *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection*, Inc., 263 F.3d 786, 792 (8th Cir. 2001); *In re Complaint & Petition of Petrol Marine Corp*., CIV. A. H-91-0302, 1992 WL 116255 (S.D. Tex. Apr. 13, 1992); *Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir. 1979).
[10] Exhibit A, Paragraph I.

> That he waives claim of *res judicata* relevant to the issue of limitation of liability.[12]
>
> That he will not seek to enforce any excess judgment or recovery insofar as it will expose Neches-Gulf to liability exceeding the appraised amount, pending this Court's adjudication.[13]
>
> That he subordinates his claims to any recovered claim by Top Coat and any attorney's fees or costs charged against Neches-Gulf by Top Coat or any other co-liable potential defendant.[14]

## II. EXHIBITS IN SUPPORT OF MOTION TO LIFT STAY

In support of his Motion to Lift Stay, Mr. Sheppard attaches the following exhibits:

**Exhibit A** Claimant Travis Sheppard's Amended Stipulations;

**Exhibit B** Claimant Travis Sheppard's Original State Court Petition;

**Exhibit C** Copy of Top Coat's Claim; and

**Exhibit D** Excerpts from Top Coat's Disclosures.

## III. REVIEW

This Court determines as a matter of law whether a stipulation protects the party's right under the Limitation Act. *In re Tetra Applied Technologies L P*, 362 F.3d 338, 340 (5th Cir. 2004). This determination is subject to a *de novo* review of the appellate court. *Id.*

The Court exercises its sound discretion when granting or denying a motion to lift stay, and its ruling is subject to an abuse of discretion standard by the appellate court. *Id*. It is an abuse of discretion to deprive the claimant-suitor of his choice of forum. *See Id*. at 343, *citing Valley Line Co. v. Ryan,* 771 F.2d 366, 373 (8th Cir. 1985).

## IV. ARGUMENTS AND AUTHORITIES

The Supreme Court reiterated in *Lewis* that a state court Jones Act case is a "saved remedy" contemplated under the saving to suitors' clause. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). The *Lewis* decision is notable for promoting the federal courts'

---

[11] Exhibit A, Paragraph II.
[12] Exhibit A, Paragraph II.
[13] Exhibit A, Paragraph III.
[14] Exhibit A, Paragraph V.

discretion to allow a seaman to pursue his action in state court as long as the limitation of liability is protected. *Id*. at 456. The decision is punctuated by admonishing remarks:

> In sum, this Court's case law makes clear that state courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners so long as the vessel owner's right to seek limitation of liability is protected. Respondent seeks to invert that rule, making run of the mill personal injury actions involving vessels a matter of exclusive federal jurisdiction except where the claimant happens to seek a jury trial. We reject that proposal and hold that the Court of Appeals erred in reversing the District Court's decision to dissolve the injunction.[15]

A pair of Circuit Court decisions following *Lewis* illustrate that a claimant in a two-claimant limitations proceeding who also has a "saved" state court remedy, can sufficiently protect limitation petitioner's rights by his own stipulation to require the dissolution of restraints his state court proceeding.

The first case is *Riverway Harbor Serv., St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786 (8th Cir. 2001). In *Riverway*, a seaman (Mr. Webber) was injured when he was struck by a crane when it malfunctioned on Riverway's vessel. The seaman filed his state court Jones Act complaint the same day that Riverway filed its petition for limitation in federal court. The federal court stayed Webber's state court action and he subsequently filed stipulations[16] and moved to dissolve the injunction. The motion was denied and the court requested that Webber stipulate to the issue of exoneration.[17] The Eighth Circuit ultimately determined that Webber's motion should have been granted and that he be allowed to purse the state court Jones Act claim. *Id*. at 792. In its discussion, the court applied the single-claimant exception, despite the fact that the crane owner and operator was also a claimant in the federal limitations action. *Id*. The court found that the single-claimant exception was adequately

[15] Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 455-56 (2001), reversing Lewis & Clark Marine, Inc. v. Lewis, 196 F.3d 900 (8th Cir.1999).

[16] Webber stipulated to the value of the vessel, and that the limitation fund equaled the value of the vessel, and that he could not collect any judgment in excess of the limitation fund unless the district court first determined that Riverway did not have the right to limit its liability.

[17] *Riverway Harbor Service, Inc. v. Webber*, No. 4:99CV0860 (E.D.Mo. Dec. 29, 1999).

addressed because Webber stipulated, among other things, that the crane owners' claim would take priority over his own.

In 2004, the Fifth Circuit was presented with a similar issue in *In re Tetra Applied Technologies LP*, 362 F.3d 338 (5th Cir. 2004). *Tetra* also involved two limitation-claimants: the state court suitor, Mr. Leger, and the Louisiana Worker's Compensation Commission. Id. at 343. The district court issued a stay on other related state court proceedings, then briefly dissolved the stay until deciding to reissue the stay after reviewing Mr. Leger's proposed stipulations. *Id.* at 343. The Fifth Circuit found that Mr. Leger's stipulations were sufficient and reversed the district court with instructions to dissolve the stay. *Id.* The Court found the Eighth Circuit's decision instructive for analyzing stipulations in the wake of *Lewis*. Focusing on the request for stipulations of the *injured party*, the Court states:

> The Eighth Circuit's helpful decision in *Riverway Harbor Service, St. Louis, Inc.*, 263 F.3d 786, 790-92 (8th Cir.2001), confirms this understanding of *Lewis*. In Riverway, the Eighth Circuit held that where an injured party agrees to reserve limitation of liability issues to the federal court, to waive any res judicata claim related to limitation, and to refrain from enforcing any state court judgment in excess of the limitation fund prior to the federal proceeding, the requirements of *Lewis* are met. *See Riverway, 263 F.3d at 791-92*.

*In re Tetra Applied Technologies LP*, 362 F.3d 338, 342 (5th Cir. 2004).

Mr. Sheppard's stipulations go well beyond what the Fifth Circuit has found necessary to protect the shipowner. His stipulations in paragraphs I, II, and III accomplish precisely what the Fifth Circuit deemed satisfactory. Like the claimants in *Riverway* and *Tetra*, Mr. Sheppard has stipulated to reserve limitation of liability issues to the federal court, to waive any res judicata claim related to limitation, and to refrain from enforcing any state court judgment in excess of the limitation fund prior to the federal proceeding. He has further stipulated like the claimant in *Riverway* to stipulate to a priority order, submitting to a subordinate position to account for his co-claimant's claims. In sum, Mr. Sheppard's stipulations are sufficiently drafted in light of the controlling law to ensure the protection of Neches-Gulf's limitation rights.

Furthermore, Top Coat's claims do not present a bar to dissolving this lawsuit. In addition to the cases mentioned above, several others are instructive with respect to derivative claim scenarios such as this case. For example, the Southern District of Texas considered a similar situation where a co-claimant (crane owner and operator) had requested contribution.[18] The Court explained that these claims were derivative claims under Texas law, and that they did not need to be separated. Similar claims for attorney's fees by similar claimants situated like Top Coat have been similarly deemed derivative claims.[19] These proceedings should not be used as an offensive weapon by any party.[20]

## V. CONCLUSION

Because Mr. Sheppard has a "saved remedy" in state court and has stipulated in a manner that protects the Petitioner's right to limitation of liability, the Court should grant his Motion to Lift Stay and dissolve its pending stay of state court proceedings.

Respectfully submitted,

**VUJASINOVIC & BECKCOM, PLLC**

*/s/ Kenneth B. Fenelon, Jr.*

**VUK S. VUJASINOVIC**
S.D.Tex. No.: 19497
SBN: 00794800
**KENNETH B. FENELON, JR.**
S.D.Tex. No.: 1010788
SBN: 24059741
1001 Texas Avenue, Suite 1020
Houston, Texas 77002
713.224.7800
713.224.7801 Fax
**ATTORNEYS FOR PLAINTIFF**

[18] *In re Complaint & Petition of Petrol Marine Corp.*, CIV. A. H-91-0302, 1992 WL 116255 (S.D. Tex. Apr. 13, 1992).
[19] *Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir. 1979) ("Any award of attorney's fees and costs that Nilo receives[9] will be paid in full from the limitation fund. As Nilo will be paid in full, the limitation fund is inadequate solely with respect to Barrale's claim. This is the identical situation encountered in the ordinary single claim case. There is no danger that Universal will be subjected to competing judgments in excess of its statutory limitation. Under the circumstances, a limitation proceeding will serve no other purpose than to deprive Barrale of her right to pursue her common law remedies.")
[20] See *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 152 (1957).

**CERTIFICATE OF SERVICE**

The undersigned authority hereby certifies that a true and correct copy of the foregoing instrument has been electronically served upon all counsel of record via email through the Court's electronic filing system on this 31st day of January, 2011.

/s/ *Kenneth B. Fenelon, Jr.*

**KENNETH B. FENELON, JR.**