IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | |
| OF NECHES-GULF MARINE, INC., AS | § | Civil Action No. 1:10-CV-604 |
| OWNER AND OPERATOR OF THE M/V | § | |
| SAN JACINTO, OFFICIAL NO. 597434, | § | |
| FOR EXONERATION FROM OR | § | JUDGE RON CLARK |
| LIMITATION OF LIABILITY | § | |

**ORDER DENYING CLAIMANT TRAVIS SHEPPARD'S MOTION TO LIFT STAY**

Petitioner Neches-Gulf Marine, Inc. filed a petition for exoneration from, or limitation of, liability arising out of an injury allegedly sustained by Claimant Travis Sheppard while on board the M/V SAN JACINTO. Both Mr. Sheppard and Top Coat, Inc. have filed claims against Neches-Gulf in this case. Mr. Sheppard now asks the court to lift the October 7, 2010 stay of his state court case. Both Neches-Gulf and Top Coat oppose the motion.

The total damages claimed against Neches-Gulf exceed the claimed value of the vessel and pending freight. Mr. Sheppard has filed a stipulation that would limit his own claims against Neches-Gulf to the limitation fund, pending outcome of the limitation of, or exoneration from, liability case in this court. If Mr. Sheppard were the only claimant, this would justify lifting the stay. However, Top Coat has not filed the required stipulation. Mr. Sheppard's motion is denied.

## I. BACKGROUND

Mr. Sheppard was an employee of Top Coat, working as a rigger onboard the M/V SAN JACINTO in the course of his employment. The vessel is owned and operated by Neches-Gulf. Mr. Sheppard filed suit against Top Coat and Neches-Gulf in the 60th Judicial District Court of Jefferson

County, Texas pursuant to the Jones Act, seeking damages he alleges resulted from an injury sustained while aboard the vessel.

Neches-Gulf filed its petition for exoneration from, or limitation of, liability in this court, contending that the total value of the vessel and pending freight was $604,000. Further prosecution of any suits stemming from the events alleged in Neches-Gulf's Complaint, including Mr. Sheppard's state court case, was stayed on October 7. Doc. # 4.

Pursuant to the court's Order, both Mr. Sheppard and Top Coat timely filed claims. Mr. Sheppard's claim alleges that he sustained serious injuries following the incident, and that his damages are in excess of $1,000,000. Top Coat seeks contribution and/or indemnification from Neches-Gulf in the event it is found liable on Mr. Sheppard's claims for $1,000,000 plus, and also requests attorney's fees, costs, and interest.

Mr. Sheppard filed his opposed motion to lift the stay on January 31, 2011. In it, Mr. Sheppard stipulated, among other things, that:

1. This court has exclusive jurisdiction to determine all issues relating to Neches-Gulf's entitlement to limitation of liability, and he will not seek any judgment or ruling from another state or federal court on that issue;

2. He waives any claim of res judicata relevant to the issue of limitation of liability based on any judgment that might be rendered by the state court;

3. In the event there is a state court judgment in excess of $604,000 plus interest, whether against Neches-Gulf "or any other liable parties who may cross-claim or claim over against Neches-Gulf," he will not seek to enforce any excess judgment "insofar as it may expose Neches-Gulf to liability in excess" of the limitation fund "pending adjudication of its [Neches-Gulf's] complaint for limitation of liability" in this court;

4. If the court determines that Neches-Gulf may limit its liability, and Neches-Gulf is held responsible for attorney's fees and costs which may be assessed against it by Top Coat, that claim will have priority over his own claims; and

5. In the event that Top Coat obtains a recovery on its claims against Neches-Gulf and Neches-Gulf is entitled to limit its liability, Top Coat's claim shall have priority over his own claims.

Doc. # 26, Ex. A, at 1-3.

## II. APPLICABLE LAW

"Federal courts have exclusive jurisdiction over suits by shipowners invoking the Limitation Act [46 U.S.C. §§ 30501 *et seq*] and may stay all other proceedings while such a suit is pending." *In re Tidewater, Inc.*, 249 F.3d 342, 345 (5th Cir. 2001). On the other hand, the "savings to suitors" clause in the admiralty jurisdiction statute, 28 U.S.C. § 1333(1) acts as a restriction on the federal right to limitation of liability for the shipowner:

> The savings to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice . . . Although tension exists between the Limitation Act and the savings to suitors clause, the court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum.

*Odeco Oil & Gas Co. Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) ("*Odeco II*").

The district court must allow the state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, or (2) when *all* claimants stipulate that the federal court has jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the vale of the vessel and its freight until the shipowner's right to limitation has been determined by the federal court. *Id.* The first situation clearly does not apply here, as Neches-Gulf seeks to limit its liability to $604,000 and Mr. Sheppard's claimed damages are in excess of $1,000,000. Mr. Sheppard instead seeks to lift the stay because he asserts he has filed the requisite stipulation.

## III. ANALYSIS

Mr. Sheppard argues that although Top Coat will not provide the appropriate stipulations, his own stipulations adequately protect Neches-Gulf's right to limitation of, or exoneration from, liability. In the alternative, he suggests that Top Coat's claims for contribution and indemnification are derivative of his own, and that Top Coat does not needed to be treated as a separate claimant.

### A. Before the stay is lifted, stipulations protecting Neches-Gulf from all claims in excess of $604,000 must be provided by all claimants

The facts of this case are similar to those in *Odeco II*, 74 F.3d 671. In *Odeco II*, five Odeco employees were injured when an escape capsule crashed into the ocean. Odeco then filed a declaratory judgment action seeking limitation of liability in federal court, and all other litigation was stayed. Four of the injured employees filed suit in state court, and sought to lift the federal court stay. The district court granted the motion to lift the stay and dismissed Odeco's declaratory judgment petition. The Fifth Circuit affirmed dismissal of the declaratory judgment petition, but vacated the lifting of the stay based on its concern "that potential claims for contribution and indemnity in the state court proceeding could, without proper stipulations, frustrate Odeco's right to limit its liability." 74 F.3d at 673 (citing the court's earlier decision in "*Odeco I*," *Odeco Oil & Gas Co. v. Bonnette*, 4 F.3d 401, 405 (5th Cir. 1993), *cert denied*, 511 U.S. 1004, 114 S. Ct. 1370 (1994)).[1]

On remand, the district court allowed three state court Defendants—two Shell Oil entities and Whittaker Corporation—to file contribution and indemnity claims against Odeco in both the

[1]As an alternative to a declaratory judgment, Odeco requested that it be permitted to limit its liability to $30,000. Although it is slightly unclear from the opinions, this is presumably the ground the case proceeded on after dismissal of the declaratory judgment petition and remand to the district court in *Odeco I*.

state court and limitation proceedings. While the injured employees entered into a stipulation designed to allow the court to lift the stay, Shell and Whittaker would not stipulate as to Odeco's right to limitation. The district court nevertheless found the stipulation adequate, and partially lifted the stay to allow the injured employees' state court action to proceed. Odeco appealed, arguing that the stipulation did not adequately protects its rights.

The Fifth Circuit reversed again, framing the question before it as "whether the parties seeking contribution and indemnity are 'claimants' within the meaning of the Limitation Act, and therefore must actually sign the stipulation before the injured claimants may proceed in state court." *Odeco II*, 74 F.3d at 674. The court first concluded that parties seeking indemnification and contribution from a vessel owner are claimants within the meaning of the Limitation Act, then went on to state that "[a]s we have previously held, in order to proceed in state court, *all claimants* must sign the stipulation protecting the shipowner's rights under the Limitation Act . . . The shipowner's right to limitation takes precedence over the claimant's rights to proceed in the forum of their choice." *Id.* at 675 (emphasis in original). The court also explained at length why the injured claimants only had some control over Odeco's liability, based at least partly on the court's inability to predict all of the possible developments and outcomes in the state court case. *Id.*; *see also In re ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 886 (5th Cir. 2000) (citing *Odeco II*).

The Fifth Circuit's rulings in *Odeco II* and *ADM* control the decision in this case. Unless appropriate stipulations as to *both* Mr. Sheppard and Top Coat's claims protect Neches-Gulf from liability for claims in excess of $604,000 from either or both claimants, the court cannot lift the stay to allow Mr. Sheppard's state claims to go forward.

**B. Mr. Sheppard's stipulations are insufficient to protect Neches-Gulf from Top Coat's claims**

1. *The stipulations do not cover all contingencies*

Even if the court were to disregard the language in *Odeco II* that "all claimants" must sign the requisite stipulation and adopt Mr. Sheppard's position that Neches-Gulf could be adequately protected by his own stipulations alone, Mr. Sheppard's stipulations are insufficient to provide this protection. In short, he does not limit Neches-Gulf's total exposure to the $604,000 limitation fund.

Mr. Sheppard's claims are for more than $1,000,000. Assuming that his pleadings are grounded in fact, Top Coat is exposed to liability of more than $1,000.000. Top Coat claims it is entitled to indemnification, plus attorney's fees. In the absence of a pleading that mentions a contract, the court suspects the indemnification claim will fail. Nevertheless, before the court is a potential claim by Top Coat against Neches-Gulf for more than $1,000,000.

Even if the indemnity claim was mistakenly included from an old form, and Top Coat's only valid claim is contribution, the stipulation is insufficient. As noted in *Odeco II* and demonstrated by the following example, this court cannot predict all possible developments and outcomes in the state court given the present stipulation.

Under Texas law, a defendant is jointly and severally liable for all of a plaintiff's damages if that defendant's percentage of responsibility for a cause of action is 51% or more. Tex. Civ. Prac. & Rem. Code § 33.013(b)(1). Assume that Mr. Sheppard receives the following verdict in state court: a $2,000,000 judgment, with Top Coat's percentage of the responsibility at 51% and Neches-Gulf's at 49%. While this theoretically means that Top Coat owes Mr. Sheppard $1,020,000 and Neches-Gulf owes $980,000, Top Coat is actually jointly and severally liable for the entire

$2,000,000 based on its percentage of fault. If Mr. Sheppard collects from Top Coat an amount in excess of $1,020,000, Top Coat is entitled to seek contribution from Neches-Gulf for the amount it overpaid. Tex. Civ. Prac. & Rem. Code § 33.015(a). Assuming that this court does not revise the value of the vessel and pending freight, recovery against Neches-Gulf is limited to their value—$604,000 plus interest at the rate of 6% per year. The amount Top Coat seeks in contribution from Neches-Gulf would be in excess of the limitation fund.

Mr. Sheppard's stipulations may not adequately protect Neches-Gulf in this example. He stipulates that in the event there is a state court judgment in excess of $604,000 plus interest, whether against Neches-Gulf "or any other liable parties who may cross-claim or claim over against Neches-Gulf," he will not seek to enforce any excess judgment "insofar as it may expose Neches-Gulf to liability in excess" of the limitation fund "pending adjudication of its [Neches-Gulf's] complaint for limitation of liability" in this court. Doc. # 26, Ex. A, at 2. However, Mr. Sheppard does not stipulate that he will limit his collection efforts to only a total of $604,000 plus interest. He does not stipulate that he will not enforce any excess judgment *after* the limitation of liability case is concluded.

Under this scenario, Mr. Sheppard could collect the $604,000 plus interest from Neches-Gulf—thereby following the spirit of the limitation of liability ruling—then seek to collect the remaining $1,396,000 less interest from Top Coat. Top Coat, as the party jointly and severally liable, could then request contribution from Neches-Gulf for the amount it overpaid, namely $376,000. Because Top Coat has not stipulated it would refrain from doing so, Neches-Gulf is not adequately protected.[2]

---

[2]Although Mr. Sheppard also stipulates that if Top Coat obtains a recovery on its claims against Neches-Gulf, he would subordinate his claims to Top Coat's if the court determines that Neches-Gulf is entitled to limitation of liability, it is difficult at this point to quantify Top Coat's

It may be that a party could craft an "airtight" stipulation that would satisfy the Fifth Circuit's concerns regarding protection of the vessel owner. *See Odeco II*, 74 F.3d at 674-75. However, this stipulation does not accomplish that result.

2. *Cases lifting stay are distinguishable from this case*

Mr. Sheppard cites two cases for the proposition that, in a two-claimant limitation of liability case, the claimant with a state court remedy under the "savings to suitors" clause can provide adequate stipulations to protect the vessel owner's rights, even without stipulations from the other claimant. He argues that the stipulations he provided are similar to those approved in these cases.

In *Riverway Harbor Service, St. Louis, Inc. v. Bridge & Crane Inspection, Inc.*, 263 F.3d 786 (8th Cir. 2001), the owner of a crane barge filed a limitation of liability complaint in federal court. There were two claimants: the injured party, who had also filed a Jones Act case in state court, and a second claimant who sought only $15,000. The injured seaman moved to lift the state court stay, and filed a number of stipulations.[3] The district court denied the motion. On appeal, the Eighth Circuit reversed. The court concluded that even though there was another claimant, the single-claimant exception could be used to lift the stay because the injured party stipulated that the second claimant's relatively small claim would take priority over his own claim. *Id.* at 791.

---

total potential claims. In addition to contribution, Top Coat also seeks attorney's fees, costs, and interest.

[3]The injured seaman stipulated that he would: (1) reserve to the district court all issues relating to the vessel owner's right to limitation of liability, (2) waive any claim of res judicata, (3) not seek to enforce any state court judgment in excess of the limitation fund until the federal case had been adjudicated, (4) the second claimant's claim would have priority over his, (5) the limitation fund properly reflected the value of the vessels involved, (6) the limitation fund equaled the value of the vessels, and (7) he would not attempt to enforce or collect any judgment in excess of the limitation fund unless the district court first determined that the vessel owner did not have the right to limit its liability. *Id.* at 791-92.

In *In re Tetra Applied Technologies LP*, 362 F.3d 338 (5th Cir. 2004), a drilling rig owner filed suit in federal court seeking exoneration from, or limitation of, its liability. The injured party, Todd Leger, had filed a suit in state court, which was stayed when the limitation complaint was filed. Mr. Leger filed a claim in the federal case, as did a second claimant, the Louisiana Worker's Compensation Commission ("LWCC"), to recover any funds paid to Mr. Leger as a result of the incident. Mr. Leger moved to lift the stay, filing a number of stipulations.[4] The district court denied the motion to lift the stay, on the grounds that Mr. Leger did not offer sufficient stipulations with regard to exoneration. Mr. Leger appealed, arguing that an exoneration stipulation is not required because he stipulated to exclusive federal jurisdiction over the limitation of liability issues and agreed to waive res judicata issues.

The Fifth Circuit reversed the district court, on the grounds that Mr. Leger's stipulations were sufficient to protect the rights of the vessel owner. However, unlike the *Riverway* court, the issue of whether one claimant's stipulations in a multiple claimant case could adequately protect the vessel owner was not before the *Tetra* court, because the second claimant, LWCC, had joined Mr. Leger's stipulation.

According to Mr. Sheppard, *Riverway* and *Tetra* stand for the proposition that his stipulations provide adequate protection to the vessel owner, so that the fact that Top Coat has failed to file corresponding stipulations is immaterial.

---

[4]Mr. Leger stipulated that: (1) the vessel owner had the right to litigate all issues relating to limitation of liability in federal court, (2) he would not seek any judgment or ruling on the issue of the vessel owner's right to limitation of liability, (3) he would consent to waive any claim of res judicata "relevant to the issue of limitation of liability based on any judgment that the state court may render," and (4) he would not seek to enforce any excess judgment or recovery that may expose the vessel owner to liability in excess of the limitation fund pending adjudication of the limitation of liability case." *Id.* at 339.

The court disagrees. The Eighth Circuit in *Riverway* explicitly noted that the second claimant's $15,000 claim was "relatively small," and this seemed to have been a factor in its decision that the stipulations of only one claimant were adequate. In *Tetra*, both claimants joined the stipulation. The stipulations entered into by the injured party in *Riverway* are also more extensive than Mr. Sheppard's. For the reasons discussed *supra*, the court concludes that Top Coat's claim is not "relatively small," and Mr. Sheppard's stipulations are not adequate to protect Neches-Gulf.

The Supreme Court's decision in *Lewis v. Lewis & Clark Marine, Inc*, 531 U.S. 438, 121 S. Ct. 993 (2001) does not change the court's conclusion. In that case, James Lewis alleged that he was injured while working as a deckhand on a vessel owned by Lewis & Clark Marine. Mr. Lewis brought suit against the vessel owner in state court pursuant to the Jones Act. Lewis & Clark filed a petition for exoneration from, or limitation of, liability in federal court, and a stay was issued. Mr. Lewis moved for a lift of the stay, which was granted by the district court on the grounds that Mr. Lewis met the limited fund exception, and probably the single claimant exception as well. The Eight Circuit reversed, concluding in part that there was no basis for lifting the stay since Mr. Lewis had not sought a trial by jury and there was no substantive difference between the remedies that Mr. Lewis could obtain in state and federal court. *Id.* at 443, 121 S. Ct. at 998. The Court granted certiorari to resolve a Circuit split between the Eighth Circuit and, among others, the Fifth Circuit. *Id.* The Court ultimately reversed the Eighth Circuit, concluding that:

> [S]tate courts, with all of their remedies, may adjudicate claims like petitioner's against vessel owners *so long as the vessel owner's right to seek limitation of liability is protected*. Respondent seeks to invert that rule, making run of the mill personal injury actions involving vessels a matter of exclusive federal jurisdiction except where the claimant happens to seek a jury trial. We reject that proposal . . . .

*Id.* at 455-56, 121 S. Ct. at 1005 (emphasis added).

The *Lewis* decision confirms the rule, upon which the Fifth Circuit's earlier *Odeco II* and *ADM* opinions were based, that lifting the stay is only appropriate where the vessel owner's interests are adequately protected. Here, Top Coat did not make a stipulation, and Mr. Sheppard's stipulations do not adequately protect Neches-Gulf's right to limitation of, or exoneration from, liability.

IT IS THEREFORE ORDERED that Claimant Travis Sheppard's Motion to Lift Stay [Doc. # 26] is DENIED.

So **ORDERED** and **SIGNED** this **17** day of **March, 2011.**

Ron Clark, United States District Judge